Anthony T. Rinaldi, LLC v Anchorage Constr. Corp. (2018 NY Slip Op 06478)





Anthony T. Rinaldi, LLC v Anchorage Constr. Corp.


2018 NY Slip Op 06478


Decided on October 2, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2018

Manzanet-Daniels, J.P., Tom, Webber, Oing, JJ.


7190 450691/16

[*1]Anthony T. Rinaldi, LLC doing business as The Rinaldi Group, LLC, Plaintiff-Respondent,
v
Anchorage Construction Corp., et al., Defendants, North American Specialty Insurance Company, Defendant-Appellant. 
Red Apple 81 Fleet Place Development, LLC, Intervenor Plaintiff-Respondent.


Gottesman, Wolgel, Flynn, Weinberg & Lee, P.C., New York (Lawrence L. Flynn of counsel), for appellant.
Baron Samson LLP, New York (Andrew Samson of counsel), for Anthony T. Rinaldi, LLC, respondent.
Greenberg Traurig, LLP, New York (Robert C. Epstein of counsel), for Red Apple 81 Fleet Place Development, LLC, respondent.



Order, Supreme Court, New York County (Anil C. Singh, J.), entered on or about March 3, 2017, which, to the extent appealed as limited by the briefs, denied, with leave to renew upon completion of discovery, defendant-appellant North American Specialty Insurance Company's (NAS) motion for summary judgment dismissing the action against it as time-barred, or in the alternative, for dismissal of the action on the same ground pursuant to CPLR 3211(a)(1), (5) and (7), unanimously affirmed, with costs.
In this action to collect on a surety bond posted by a subcontractor that defaulted on its performance, evidence submitted by plaintiff general contractor and intervenor project owner in the form of affidavits from individuals having personal knowledge of specific conversations with NAS representatives regarding - NAS's alleged desire to avoid litigation threatened by plaintiff on account of, inter alia, alleged delays by NAS in investigating the bond claim; that NAS agreed to move quickly on such claim provided plaintiff supplied additional requested documentation; and that NAS would also forego enforcement of the bond's contractual one-year limitations period, which was soon to expire, provided plaintiff and the intervenor continued to cooperate in the ongoing investigation - afforded sufficient evidence at this pre-discovery stage to find that plaintiff's waiver and estoppel defenses precluded a grant of summary judgment to NAS on the [*2]basis of the expired contractual limitations period (see generally Triple Cities Constr. Co. v Maryland Cas. Co. , 4 NY2d 443 [1958]).
We have considered NAS's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 2, 2018
CLERK